IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| JENNIFER SIMS,<br><br>　　　　Plaintiff<br><br>v.<br><br>ELI LILLY AND COMPANY and LILLY USA, LLC,<br><br>　　　　Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Jennifer Ellen Sims                                                               .

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim:  N/A                                                                 , as                                              of the estate of                                       , deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s):  N/A                                                                 ,

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:  N/A                                                                               ,

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   _____ Novo Nordisk Inc.

   _____ Novo Nordisk A/S

    X    Eli Lilly and Company

    X    Lilly USA, LLC

   _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   <u>Nimitz, West Virginia</u>

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   <u>West Virginia</u>

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   <u>West Virginia</u>

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   <u>Nimitz, West Virginia</u>

10. Jurisdiction is based on:

    <u>  X  </u>  diversity of citizenship pursuant to 28 U.S.C. § 1332

    <u>_____</u>  other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    <u>Southern District of West Virginia</u>

12. Venue is proper in the District Court identified in Paragraph 11 because:

    <u>  X  </u>  a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_____  other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

   __N/A_____

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    \_\_\_\_\_  Ozempic (semaglutide)

    \_\_\_\_\_  Wegovy (semaglutide)

    \_\_\_\_\_  Rybelsus (oral semaglutide)

    \_\_\_\_\_  Victoza (liraglutide)

    \_\_\_\_\_  Saxenda (liraglutide)

    \_\_X\_\_  Trulicity (dulaglutide)

    \_\_X\_\_  Mounjaro (tirzepatide)

    \_\_\_\_\_  Zepbound (tirzepatide)

    \_\_\_\_\_  Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    Trulicity:  Approximately (December 2021 – December 2023)

    Mounjaro:  Approximately (November 2024 – January 2025)

    _____

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

　\_\_\_\_\_  Gastroparesis

　__X__  Other gastro-intestinal injuries (specify): Nausea, Abdominal Pain, Vomiting, Diarrhea, Gastroenteritis

　\_\_\_\_\_  Ileus

　\_\_\_\_\_  Ischemic Bowel/Ischemic Colitis

　\_\_\_\_\_  Intestinal Obstruction

　\_\_\_\_\_  Necrotizing Pancreatitis

　\_\_\_\_\_  Gallbladder Injury (specify): _____

　__X__  Micronutrient Deficiency

　\_\_\_\_\_  Wernicke's encephalopathy

　\_\_\_\_\_  Aspiration

　\_\_\_\_\_  Death

　\_\_\_\_\_  Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

　Nausea, Abdominal Pain, Vomiting, & Diarrhea (January 2020; July 2023 December 2023)

　Gastroenteritis (July 2023)

　Vitamin D Micronutrient Deficiency (June 2023)

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

  __X__ Injury to self

  _____ Injury to person represented

  __X__ Economic loss

  _____ Wrongful death

  _____ Survivorship

  _____ Loss of services

  _____ Loss of consortium

  _____ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

__X__ Count I:     Failure to Warn – Negligence

__X__ Count II:    Failure to Warn – Strict Liability

__X__ Count III:   Breach of Express Warranty/Failure to Conform to Representations

__X__ Count IV:    Breach of Implied Warranty

_____ Count V:     Fraudulent Concealment/Fraud by Omission

_____ Count VI:    Fraudulent/Intentional Misrepresentation

__X__ Count VII:   Negligent Misrepresentation/Marketing

__X__ Count VIII:  Strict Product Liability Misrepresentation/Marketing

__X__ Count IX:    Innocent Misrepresentation/Marketing

_____ Count X:     Unfair Trade Practices/Consumer Protection (see below)

__X__ Count XI:    Negligence

__X__ Count XII:   Negligent Undertaking

_____ Count XIII:  State Product Liability Act (see below)

_____ Count XIV:   Wrongful Death

_____ Count XV:    Loss of Consortium

_____ Count XVI:   Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        ___N/A_____

        _____

        _____

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

        ___N/A_____

        _____

        _____

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        __N/A___

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        N/A

    c. Identify the factual allegations supporting those claims:

        N/A

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? ____N/A____. If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:  January 20, 2026

                                                By:  */s/ Sarah J. Foster*
                                                    Sarah J. Foster, FL Bar No. 1018179
                                                    Jeffrey L. Haberman, FL Bar No. 98522
                                                      **SCHLESINGER LAW OFFICES, P.A.**
                                                      1212 SE Third Avenue
                                                      Fort Lauderdale, FL 33316
                                                      Telephone: (954) 467-8800
                                                      Fax: (954) 320-9509
                                                      sarah@schlesingerlaw.com
                                                      jhaberman@schlesingerlaw.com
                                                      *Attorneys for Plaintiff*